

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2002

# Culnen v. Commissioner IRS

Precedential or Non-Precedential:

Docket 1-1138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Culnen v. Commissioner IRS" (2002). *2002 Decisions.* Paper 7.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/7

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

                                    NOT PRECEDENTIAL

                     UNITED STATES COURT OF APPEALS
                          FOR THE THIRD CIRCUIT
                            _____

                            NO.  01-1138
                            _____


                         DANIEL J. CULNEN,

                                               Appellant


                                v.

                 COMMISSIONER OF INTERNAL REVENUE
                            _____


                     On Appeal from the Decision
                     of the United States Tax Court
                 at Tax Court Nos. 94-06496 and 92-25551
                 Tax Court Judge:  Honorable James S.  Halpern
                            _____


                     Argued November 7, 2001
       Before:    BECKER, Chief Judge, McKEE and RENDELL, Circuit Judges

                     (Filed: January 7, 2002)
                       _____

                                   Frank Agostino, Esq.    [ARGUED]
                                   Susan M.  Flynn, Esq.
                                   Calo Agostino, Esq.
                                   27 Warren Street
                                   Hackensack, NJ   07601
                                   Counsel for Appellant

                                   Teresa E.  McLaughlin, Esq.
                                   Andrea R.  Tebbets, Esq.    [ARGUED]
                                   United States Department of Justice
                                   Tax Division
                                   P.  O.  Box 502
                                   Washington, DC   20044
                                   Counsel for Appellee
                            _____


                     OPINION OF THE COURT
                            _____


RENDELL, Circuit Judge.
     Daniel J. Culnen was a 73% stockholder in Wedgewood Associates, a
subchapter (s) corporation in the restaurant business.  When Wedgewood
ceased doing
business, it made an assignment for the benefit of creditors, abandoned
its furniture and

fixtures, and reported a net loss of $2,410,941.  Culnen's tax return for the same year
showed his 73% share of the Form 4797 loss to be $1,759,987.  The Commissioner
disallowed Culnen's deduction of the loss.  On appeal, the Tax Court ruled not that the
loss was improperly deducted by Culnen, but, rather, that Wedgewood's loss for tax
purposes was not the amount claimed, but was, instead, $515,243.  We will REVERSE
the Tax Court's ruling.

The deficiency notice sent by the IRS to Culnen disallowed Culnen's pro rata
share of Wedgewood's loss:

> It has been determined that you did not sustain the $1,759,987.00 loss,
> allegedly derived from your ownership interest in Wedgewood Associates
> Inc., reported on your return for the 1990 taxable year.  In the event that a
> court of competent jurisdiction determines that you did sustain, all or a
> portion of such reported loss, you are not entitled to a deduction for such
> loss for the following reasons: (1) you have failed to establish that you have
> adequate basis in your interest in Wedgewood Associates Inc.  to deduct
> any of this reported loss amount; (2) the amount of this reported loss
> exceeds your basis in the stock and debt of Wedgewood Associates Inc.
> pursuant to the provisions of I.R.C. Section 1366(d)(1); (3) such reported
> loss exceeds the amount for which you were at risk during the 1990 taxable
> year under the provisions of I.R.C. Section 465; (4) the reported loss is not
> deductible since such loss is considered a passive activity loss which is not
> deductible under the provisions of I.R.C. Section 469; and (5) the reported
> loss is not deductible under the provisions of I.R.C. Section 267(a) since
> the parties to the transaction(s) which generated such loss are related
> parties under provisions of I.R.C. Section 267(b).

Culnen was, therefore, put on notice that he had the burden to establish his basis
in his stock and establish its deductibility, meeting the challenge that it was passive
activity loss, and its disallowance based on the theory that the parties to the transactions

were related parties.  The deficiency notice did not challenge Wedgewood's loss, but
only Culnen's ability to deduct his pro rata share of the loss.  The pleadings, pretrial
motions, status reports, trial memoranda, and trial transcripts all focus on the amount of
his loss and his pro rata share.

At trial, Wedgewood's tax preparer testified as to the nature and amount of the
loss, specifically, that it consisted of the acquisition price of furniture and fixtures less
depreciation based upon the fact that the corporation had essentially abandoned the
furniture and fixtures to an assignee for the benefit of creditors.  Culnen offered evidence
to prove his basis, specifically the nature and amount of his investments over time, many
of which were made through his partnership, Culnen & Hamilton, and he offered
evidence to refute the IRS' contention regarding the related party and passive activity
issues.

At the conclusion of the trial, the government argued for the first time, and the
Tax Court considered, whether Wedgewood correctly calculated the losses resulting from
the assignment pursuant to I.R.C. Section 1001.  Culnen objected to the consideration of
this issue, since it had never been raised in the deficiency notice, or raised in the course
of pre-trial proceedings.  It is undisputed that the government produced no evidence
relating to the corporate-level loss issue.

In its opinion, the Tax Court framed the issue as follows:

> Respondent disallowed petitioner's pro rata share of Wedgewood's
> ordinary losses for 1987, 1989, and 1990 because petitioner failed to
> convince respondent that he had an adequate basis with respect to his
> investment in Wedgewood.  We must determine that basis.  Respondent
> disallowed petitioner's share of the Form 4797 loss (the $1,759,987 loss)
> for the same reason and because petitioner failed to convince respondent
> that Wedgewood suffered the $1,759,987 loss.  We must determine both
> his basis and whether Wedgewood suffered any loss.  (emphasis added)

The Tax Court then proceeded to review the evidence offered, and concluded that
Culnen had indeed proven that he had an adequate basis with respect to his investment in

Wedgewood.  The Tax Court then turned its attention to the issue of the Form 4797 loss and embarked upon a discussion of Section 1001 of the Internal Revenue Code and its definition of "amount realized," noting that the regulations provide that, for purposes of that section, the sale or the disposition of property that secures a nonrecourse liability discharges that liability, and that, according to the regulations, the "amount realized" from the sale or disposition of the property includes the amount of liabilities from which the transferor is discharged as a result of the disposition.  The court then noted, "Respondent's position is that Wedgewood did not realize any loss."

The court then criticized Culnen's failure to adduce proof regarding the amount realized on the sale of the furniture and fixtures, and his failure to show that the indebtedness secured by the liens on those assets was nonrecourse.  The court then made an assumption that the debt was nonrecourse and that the "amount realized" for tax purposes would include the amount of the liens, namely $1,865,000.  After making other mathematical calculations, the court concluded that the "amount realized" was $1,991,001, and, since the adjusted basis was $2,506,244, Wedgewood's loss was $515,243, and petitioner's pro rata share was therefore $376,127.

Culnen contends that we should either reverse the ruling of the Tax Court based upon the theory of "meet the hold," or should remand for a determination regarding the section 1001 issue, since the Tax Court ruled without any evidentiary basis.  We hold that, whether based on "meet the hold," or simply notice principles of due process, we will reverse because the Tax Court improperly ruled against Culnen based on an issue as to which Culnen was never advised  – namely a last minute challenge to the amount of Wedgewood's loss.  The Court did determine, however, that Culnen did prevail on the issues raised in the deficiency notice.  Accordingly, Culnen is entitled to prevail on the claims raised in the deficiency notice, and judgment should be entered in his favor.

At oral argument, counsel for the Commissioner urged that the deficiency notice's reference to "adequate basis in your interest" and "reported loss exceeds your basis" were sufficient to put Culnen on notice that the amount of the corporate loss was under attack.

We disagree.  To the contrary, the deficiency notice was addressed to Culnen, and never referenced Wedgewood except as it related to Culnen's stock or interest in the corporation.  The notice stated, "It has been determined that you did not sustain the $1,759,987 loss allegedly derived from your ownership interest in Wedgewood Associates, Inc. reported on your return for the 1990 taxable year."  The emphasis on "you" and "your" clearly communicates that the notice was addressed to Culnen's loss, not Wedgewood's.  We note that Wedgewood's loss, and its amount, has never been challenged by the IRS, and there is no evidence that its loss was ever determined to be an amount other than the amount used by Culnen in calculating the amount of his deduction for purposes of the Form 4797.  While the IRS would be free to attack the amount of Wedgewood's loss in a deficiency notice addressed to it, or as part of an attack on Culnen's deduction of a percentage thereof, this challenge was never made since the corporate loss issue was never raised in the deficiency notice, or in any of the pretrial proceedings.  Rather, it appears to have surfaced only when it appeared that Culnen could in fact trace his investments and show his basis in the stock he owned and, thus, prove the allowability of the deduction he claimed.

     Among the principles animating our conclusion is the "meet the hold" doctrine Culnen suggests.  That doctrine prohibits a party from changing his ground and "putting his conduct upon another and different consideration."  Ohio & Mississippi Railway Co. v. McCarthy, 96 U.S. 258, 267 (1878).  The fairness concerns that underlie this principle are consistent with the most elementary requirements of due process.  Here, we are troubled by the total lack of notice of the nature of the IRS's claim so as to inform Culnen of the proof he must present, given his burden in a proceeding to challenge the deficiency notice.  More than an inequitable change of position, the Commissioner essentially asserted an entirely new claim.  Perhaps the situation would be different if the notice of deficiency had consisted of a vague challenge to the loss, but later proceedings had made clear the nature of the IRS's theory.  However, here, the numerous stipulations

and record statements regarding the issues are devoid of any mention of attack on
Wedgewood's loss, let alone specific contention that the "amount realized" was being
challenged based on the provisions and regulations under section 1001 regarding
recourse debt and dischargeability.  The stipulations and various statements of the issues
say nothing remotely touching on this issue.  Further, the surprise and disadvantage to
Culnen are obvious from the record and result.  In Commissioner v. Transport Mfg. &
Equip.  Co., 478 F.2d 731 (8th Cir. 1973) the court noted that the taxpayer must be
advised of the theory being advanced by the Commissioner: "The failure to advise the
taxpayer of such information is extremely prejudicial.  Deficiency assessments are
usually presumptively correct, and the taxpayer has the burden to prove them wrong.
The taxpayer works at an extreme disadvantage in trying to invalidate deficiency
assessments if he does not specifically know why the Commissioner is challenging the
taxpayer."  Id at 735.

Here the theories set forth in the notice of deficiency were successfully rebutted by
Culnen's evidence.    Accordingly, we will reverse the Tax Court's order and remand for
entry of judgment in favor of Culnen.

_____

_____

TO THE CLERK OF COURT:

    Please file the foregoing Not Precedential Opinion.


                            /s/Marjorie O. Rendell
                            Circuit Judge